Gaston, Judge,
 

 having stated the case as above, proceeded : — No evidence of any kind, is offered on the part of the plaintiff, to support his allegation, of his having directed an application of his payments. There is no ground on which he can have relief against Fortune, and the bill must be dismissed as to him, with costs.
 

 If we were satisfied of our right to grant relief, against the other defendant, we might hold that the plaintiff’s allegation of having paid the judgments of Statton, to or through Whitehead, is true; for Statton testifies that he sold the judgments to Whitehead, and that thereupon, the latter remarked, that the plaintiff had already paid him the amount of them.
 

 There is no evidence to support the allegation of the defendant, that he bought these judgments in consequence of the plaintiff’s admission,' that he was bound to pay them; and there is evidence which renders it at least probable, that he was aware of the plaintiff’s claim, that the original judgments had been paid off in Whitehead’s lifetime. At all events, as the judgments were not assignable at law, the defendant, by his purchase, took the judgments liable to any equities subsisting against them.
 

 
 *454
 
 But we are unable to perceive any satisfactory ground on which a court of equity ought in this case to interpose for the relief of the plaintiff. The alleged payment should have been pleaded when the plaintiff was cited to show cause why executions should not issue. The payment, if made, was sufficient cause against the ordering of the executions; and he had notice and opportunity to show it. He has not proved that he requested a postponement of the trial; or réceived any assurance, direct or indirect, that it would be postponed. Reese, the officer.examined for that purpose, testifies that he “ cited the plaintiff to attend at the widow Whitehead’s, but that he failed to attend, alleging that he had to attend Haywood court; and saying also, that he had paid the claims.” It does not appear that the plaintiff was deceived by any promise to postpone the trial, on the citation; and he has not proved his inability to attend; the question of payment must be considered as having been regularly passed upon by the judgment rendered on the citation. Besides, he has alleged no excuse for not endeavouring to have a new trial, or appeal, or remedy by
 
 recordair;
 
 has alleged no efforts on his part, to ascertain what had been done on the citation; and no steps taken to correct the injustice of this adjudication, for many months after it was rendered.
 

 We feel ourselves constrained to hold, that under these circumstances, he is not entitled to the extraordinary aid which he asks for. The bill must therefore
 
 be
 
 dismissed as to Smith, also; but in this respect, it is dismissed without costs.
 

 Pee. CuRIam. Bill dismissed.